IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
DEC 1 3 2004
Michael N. Milby, Clerk

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| V | § | Docket No. ~~CR06~~729-001 |
| | § | H:02-CR-729-1 |
| DEMPSEY HARRIS BALLOW | § | |

### CORRECTED OBJECTIONS AND COMMENTS TO DEFENDANT'S PRESENTENCE REPORT

COMES NOW DEMPSEY HARRIS BALLOW, Defendant herein, through Counsel, and files this his objections and comments to the Pre Sentence Report filed in this matter, and would show this Court as follows:

I.

Objections
Paragraph 19 at page 7

This paragraph alleges the following losses:

| | |
| --- | --- |
| 1) Salmon Smith Barney | $ 793,845.75 |
| 2) McDonald & Company | $ 1,457,222.24 |
| 3) Midwest Discount Brokers | $ 1,927,164.21 |
| 4) Fidelity Brokerage Services | $ 419,348.41 |
| 5) Birchtree Financial Services | $ 726,541.73 |
| 4) Paradise Valley Securities | <u>$ 5,159,647.47</u> |
| Totals | $10,483,783.69 |

Because this Court can order a fine double the amount of the loss, plus interest, and because such a fine and interest would be part of punishment in this case, Defendant suggests the amounts of the losses alleged by the above victims are conclusionary hearsay which lack the indicia of reliability. To rely on such information as the amount of loss without allowing the Defendant the opportunity to confront and cross examine those providing these conclusions is a violation of Defendant's rights under the Sixth Amendment to the United States Constitution. (Crawford v. Washington, 124 S.Ct .1354 (2004).[1]

II.

## Objections
## Paragraphs 34 and 35

Paragraph thirty four reflects the defendant is accountable for laundering $10,483,769.81. Defendant objects to the total amount alleged for the same reasons expressed in objection I above. That without confrontation and cross examination of those alleging the amounts of the loss, Defendant is denied his Sixth Amendment right to confrontation and cross examination.
(Crawford v. Washington, 124 S.Ct .1354 (2004).

---

[1]) The Crawford case admittedly speaks primarily to testimonial hearsay, but the issues related to confrontation would seem to apply to this case.

### III.

### Objections
### Paragraphs 41

As per Defendant's above comments and objections regarding paragraphs 34 and 35 Defendant objects to the amount alleged to have been laundered as being $10,483,769.81. Without confrontation and cross examination of those alleging the amounts of the loss, Defendant is denied his Sixth Amendment right to confrontation and cross examination. (Crawford v. Washington, 124 S.Ct .1354 (2004).

### IV.

### Comments and Objections
### Paragraph 73

Defendant made a good faith effort to obtain financial records to provide to the probation office, however, while Defendant was detained for approximately a year in the Houston Federal Detention Center prior to bond being granted in this case, his financial records disappeared from his home. During the course of certain civil litigation involving this Defendant, he attempted, but was unable to locate or regain those financial records. Thereafter, in an effort to provide some hope of showing his current lack of financial ability, Defendant and his current counsel attempted to secure the services of a C.P.A. firm to assist in an attempt to reconstruct his personal financial information, however, the C.P.A. firm provided

Counsel with a document indicating it would be impossible to reconstruct his financial status without evidence to support the representations of the Defendant. Court records and portions of a statement of facts from the civil litigation where Defendant sought to recover the financial records, and the letter from the C.P.A. firm were supplied to the Probation Department by Counsel to show that a good faith effort was made to recover or construct financial records.

V.

## Objections to Paragraphs 84 and 90

Defendant suggests, based on his above objections regarding the allegations of loss claimed by the victims, that before the amount loss can be determined, Defendant should have the right to confront and cross examine those hearsay statements as to the value of the losses under the Sixth Amendment to the U.S. Constitution.

VI.
## Objections to Paragraphs 94 through 97

Defendant and counsel note that no §5k1.1 USSG departure recommendation has been forthcoming from the Government in this case, however, a provision for the Government to make such relief conditionally available is found in the plea agreement. While counsel for Defendant is aware of Wade v. United States, 112 S.Ct. 1840 (1992), and the rule in the Wade case is

recognized in <u>United States v. Urbani</u>, 967 F.2d 106 ( 5th Cir 1992) and it's prodigy, in this case the failure to make a recommendation for departure is a matter of serious concern and objection to Defendant and his counsel.

After being granted bond in this case an agreement was reached whereby Defendant would debrief with lawyers and investigators from the SEC of Denver, Colorado involving was represented to be a civil matter. It was agreed that those with the SEC in Denver would evaluate the value of Defendant's debriefing efforts for the local authorities. At the time of the two debriefing sessions no civil case had been filed by the Denver SEC, and the statute of limitations was "ticking". In fact, members of the SEC team in Denver traveled to Houston <u>on two occasions</u> and Defendant debriefed for what Counsel recalls to be a total of five days. Several of those days testimony of the Defendant was taken under oath with a court reporter present. Some weeks thereafter the SEC in Denver proceeded to file a civil action against Defendant and a number of other defendants. The allegations contained in the civil action filed by the Denver SEC contained claims about which Defendant substantially debriefed during the five days of discussions.

While Counsel knows no claims on which a constitutional objection can be made, except, the denial of fundamental fairness, it appears questionable to Counsel that the Government (SEC) would make a second trip to Houston from Colorado to interview this Defendant if nothing of value was gained from the

several days of the initial interview. To spend five days debriefing, and then claim, as the Government does, that no benefit resulted appears suspect, and would seem to justify inquire by this Court.

WHEREFORE, PREMISES CONSIDERED, Defendant prays as follows:

That he be granted such relief as he is entitled based on his objections and comments herein.

                                            Respectfully submitted,

                                            */s/ Wm. T. Habern*

                                            Wm. T. Habern   by perm.
                                            Fed. So Dist # 9663
                                            4300 Scotland St.
                                            Houston, Texas 77007
                                            713 865-5670
                                            713- 865-5655 Fax

## CERTIFICATE OF SERVICE

A true and complete copy of the foregoing objections and comments on the Pre Sentence Report has been provided by hand delivery to Javier A. Garcia, U.S. Probation Department and to Mary Jane Harmon, AUSA at their offices in Houston, Texas on this the  13th  day of December, 2004.


*Wm. T. Habern*
Wm. T. Habern    by perm. RN